ROMÁN, PLAINTIFF AND APPELLANT, *v.* VÁZQUEZ, DEFENDANT AND APPELLEE.

APPEAL from the District Court of Arecibo in an Action for Damages for Seduction.

No. 2453.—Decided July 14, 1921.

CIVIL RIGHTS—LEGISLATIVE WILL—CONSTITUTIONAL LIMITATION.—The Civil Code is not the only source of civil rights, but the will of the Legislature must prevail whenever and however expressed unless some constitutional limitation is imposed. When the Code of Civil Procedure was adopted there was no

such limitation in the Organic Act and various rights of action were given for the first time in that code.

ID.—PARTIES TO ACTIONS—SEDUCTION—ACTION EX DELICTO.—The father, or, in case of his death or desertion of his family, the mother, may prosecute as plaintiff for the seduction of a minor daughter. The action is *ex delicto* and does not fall within the principles governing actions *ex contractu*.

The facts are stated in the opinion.

*Mr. L. Mercader* for the appellant.

*Mr. J. R. Aponte* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

The judgment appealed from arose by virtue of a demurrer to a complaint, which is as follows:

"1st. That the plaintiff and the defendant are over twenty-one years of age, the former being the mother with *patria potestas* of her fatherless minor child, Julia Adorno, and both being residents of Arecibo.

"2nd. That the defendant had amorous relations for some time with the plaintiff's minor child, Julia Adorno, and on December 6, 1919, in Arecibo, the defendant, by reiterated and insisting promises of marriage, had carnal connection with her aforesaid minor child, Julia Adorno, who at that time was a female child seventeen years old, unmarried, of excellent reputation and considered a virgin, and of irreproachable chaste character, the defendant being at that time an unmarried man.

"3rd. That the said defendant, after seducing her aforesaid daughter, did not repair his fault by marrying her, but on the contrary, availing himself of the said relations, maliciously and unlawfully fascinated her by offering her, without her mother's knowledge, innumerable profits to obtain her depravity and that she should be kept quiet and should not attempt to change the course of the real happenings that denounced his guiltiness and crime.

"4th. That the aforesaid minor daughter, Julia Adorno, due to the aforesaid illegal acts of the defendant, has suffered in her reputation, not being able to contract marriage under a suitable basis and has morally suffered to a great extent as a consequence of the unjustified deceit of the man who promised to love her, by virtue of which he has caused her damages that plaintiff estimates at a sum not less than $6,000.

"Wherefore, we pray the court to render judgment against the

defendant, Bruno Vázquez, the seducer of Julia Adorno, to pay to the plaintiff for her aforesaid daughter the sum of $6,000 for damages caused her, and that he also be adjudged to pay the expenses and costs, including plaintiff's attorney fee.''

The court sustained the demurrer, holding that while sections 58 and 59 of the Code of Civil Procedure gave a right of action to a seduced single woman or to her father or mother, these sections were adjective and recourse would have to be had to the Civil Code; that section 1059 of the Civil Code as amended by the Act of March 10, 1904, limited actions for crimes or faults to the provisions of the Civil Code; that the right to compensation given by section 44 of the former Spanish Civil Code was not transcribed into the Porto Rican Code and that therefore we are limited to section 1803 of that Civil Code; that that section was the only one susceptible of being invoked and that the damages set forth therein are always non-contractual damages for seduction under promise of marriage arising *ex contractu;* that the action could not thrive moreover because the complainant was seventeen years of age and that this court decided in *Martí v. Rivera,* 27 P. R. R. 361, that where there was consent the female infant must be under fourteen years to have a right of action for seduction.

We agree with the appellant that in the last named case this court did not decide that where a promise of marriage and seduction were alleged an action would not lie when the woman was over fourteen years of age. It was not alleged in that case that the seduction was obtained under a promise of marriage and moreover the case was decided on a conflict in the evidence as to whether there had been any deceit practiced by defendant.

The court is in error in holding that a right may not be created in a code of civil procedure or that the Civil Code is the only source of civil rights. That might be an ideal system, but it is the will of the Legislature that must prevail,

wherever and however expressed, at least until some limitation in the form of its laws is placed by a constitution, the kind of limitation contained in our present Organic Act. A substantive right is given frequently by as unlikely a source as an appropriation bill, although that result is now made impossible by the present Organic Act. In 1904, when the Code of Civil Procedure went into force, there was no similar limitation in the Organic Act. In that code itself various rights of action are given for the first time. Title XI is entitled "Actions in Particular Cases" and beginning with one for nuisance, numerous actions are set forth. In Spanish times a civil action was compounded with a criminal one, so that in reality the idea of a recovery was not limited to the terms of the Civil Code. Section 1059 of the Civil Code as amended, cited by the court, was earlier in its effect than the Code of Civil Procedure, the last legislative expression. However, we find nothing in that section putting a limitation on the right of a Legislature to create new actions outside the realm of the Civil Code, even if one Legislature could bind itself or a subsequent Legislature. Section 1059 says:

"Civil obligations, arising from crimes or misdemeanors, shall be governed by the provisions of this Code."

Sections 58 and 59 of the Code of Civil Procedure are as follows:

"Section 58.—An unmarried female may prosecute, as plaintiff, an action for her own seduction, and may recover therein such damages, pecuniary or exemplary, as are assessed in her favor.

"Section 59.—A father, or in case of his death or desertion of his family, the mother, may prosecute as plaintiff for the seduction of a daughter, under the age of majority at the time of the seduction, and the guardian for the seduction of a ward, under the age of majority at the time of the seduction, though the daughter or ward be not living with or in the service of the plaintiff at the time of the seduction or afterwards, and there be no loss of service."

These are copied from a chapter on parties to actions

and the intention of the Legislature to create a new cause of action is perhaps not as clear as it might be, but the literal words are there: "A father, or in case of his death or desertion of his family, the mother, may prosecute as plaintiff for the seduction of a daughter, * * * ." What is seduction is another question, but where there is a previous promise of marriage the seduction is more readily inferred.

Furthermore, as to the meaning of the Civil Code, the general trend of the decisions of this court is liberally to interpret the provisions of sections 1059 and 1803 of the Civil Code. Strictly speaking, the action is one for seduction, the promise of marriage being only a concomitant circumstance making definite the seduction. Hence the action is *ex delicto* and does not fall within the principles of an *ex contractu* as suggested by the court below.

The judgment must be reversed and the defendant given ten days to answer.

*Reversed.*

Chief Justice Hernández and Justices Del Toro, Aldrey and Hutchison concurred.